**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **PAUL D. WADE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-06-785-M** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social** | ) | |
| **Security Administration,**[1] | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying his application for disability insurance benefits. Pursuant to an order entered by United States District Judge Vicki Miles LaGrange, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. ____). Both parties have briefed their respective positions and thus the matter is at issue. For the reasons stated herein, it is recommended that the decision of the Commissioner be affirmed.

## I. PROCEDURAL HISTORY

Plaintiff filed his application for disability insurance benefits on March 5, 2003, alleging that he became disabled as of June 13, 2002, due to back problems, knee surgery,

---

[1]As of February 1, 2007, Michael J. Astrue became the Commissioner of the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d)(1) of the Federal Rules of Civil Procedure and 42 U.S.C. § 405(g), Michael J. Astrue is substituted for former Commissioner Jo Anne B. Barnhart as the Defendant in this suit.

shoulder surgery, and carpal tunnel surgery. Tr. 13, 48-50, 86.  The application was denied

on initial consideration and on reconsideration at the administrative level. Tr.25, 26, 27-29,

32-33.  Pursuant to Plaintiff's request, a hearing was held before an administrative law

judge on March 21, 2005. Tr. 34, 591-621.  Plaintiff appeared in person with his attorney,

and offered testimony in support of his application. Tr. 593, 595-613.  A vocational expert

also testified at the request of the administrative law judge. Tr. 44, 613-20.   The

administrative law judge issued her decision on June 17, 2005, finding that Plaintiff was

not disabled within the meaning of the Social Security Act and that he was thus not

entitled to benefits. Tr.10-12, 13-21. The Appeals Council denied Plaintiff's request for

review on June 16, 2006,  and so the decision of the administrative law judge became the

final decision of the Commissioner. Tr. 5-8.

## II.  STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of

review as follows:

> We review the agency's decision to determine whether the factual findings
> are supported by substantial evidence in the record and whether the correct
> legal standards were applied. Substantial evidence is such relevant
> evidence as a reasonable mind might accept as adequate to support a
> conclusion.  However, a decision is not based on substantial evidence if it
> is overwhelmed by other evidence in the record or if there is a mere
> scintilla of evidence supporting it.  The agency's failure to apply correct
> legal standards, or show us it has done so, is also grounds for reversal.
> Finally, because our review is based on the record taken as a whole, we will
> meticulously examine the record in order to determine if the evidence
> supporting the agency's decision is substantial, taking into account
> whatever in the record fairly detracts from its weight.  However, we may
> neither reweigh the evidence nor substitute our discretion for that of the
> Commissioner.

Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004) (internal quotations and citations omitted). The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. Id. at 751 & n. 2. If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy, given his age, education, and work experience. Id. at 751.

## III. THE DECISION OF THE ADMINISTRATIVE LAW JUDGE

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. § 404.1520. Tr. 14. She first found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. Tr. 14-15, 20. At steps two and three, the administrative law judge found that Plaintiff suffered from on-the-job injuries to his head, neck, back, and shoulder, diabetes mellitus, three surgeries on the left shoulder, carpal tunnel surgery, asthma, hypertension, and right knee surgery, and found that these disorders were severe, but she also found that they were not severe enough to meet or equal one of the impairments listed in 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security Regulations, No. 4. Tr. 15, 17. The administrative law judge next found that Plaintiff had the residual functional capacity to perform a wide range of light work. Tr. 18, 21. Based on this residual functional capacity, the administrative law judge found at step four of the sequential evaluation process that Plaintiff was not able to perform his past relevant work as a

material handler, rubber mill tender, press tender, receiving clerk, and reprocessor.  Tr. 19, 20.  However, at step five, the administrative law judge found that there were a significant number of jobs that a person with Plaintiff's residual functional capacity and vocational factors could perform, including housekeeper/cleaner, cashier II, sales person (bookstore), charge account clerk, and telephone quotation clerk.  Tr. 19, 21.  The administrative law judge also  used the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, App. 2, as a framework, together with the testimony of the vocational expert, and found that under Rule 202.22, there are a significant number of jobs in the national economy that someone with Plaintiff's residual functional capacity and vocational factors could perform.  Tr. 20, 21.

## A.  ISSUES ON APPEAL

Plaintiff raises three errors on appeal.  First, he claims that the administrative law judge erred in her handling of the medical source statement of one of his treating physicians, Christopher M. Herndon, M.D..  Second, he claims that he does not retain the residual functional capacity to perform substantial gainful activity on a full-time basis.  Third, he claims that the administrative law judge erred in her credibility analysis.

### 1.  Medical Source Statement of Dr. Herndon

Plaintiff first contends that the administrative law judge did not properly consider evidence from his treating source, Christopher M. Herndon, M.D..  Plaintiff's Brief, p. 2-5.  He claims that the administrative law judge erred by failing to provide any explanation "backed up by specific medical evidence for why she apparently rejected Dr. Herndon's medical opinion, thus, not providing this Court any meaningful review of the

[administrative law judge's] determination." Id. at 4. Plaintiff also contends that if she believed the information Dr. Herndon provided was incomplete, she should have recontacted him for clarification. Id. at 5. He claims that the administrative law judge did not give proper weight to the opinion of his treating physician, did not explain the weight she was to give the opinion, and did not point to any specific evidence in the record that counters the opinion of Dr. Herndon. Id. at 5. The opinion at issue is related in a letter written April 1, 2003, in which Dr. Herndon states that Plaintiff "has had no significant relief of the symptoms in his left leg or the significant recurrent intractable pain" and that "[b]ecause of the pain and numbness in his low back and left leg he is currently unable to perform any type of work." Plaintiff's Brief, p. 4 (quoting Tr. 465).

In response, the Commissioner contends that the administrative law judge gave correct weight to Dr. Herndon's opinion after comparing it to that of other professionals such as Plaintiff's other treating physician Jimmy Conway, M.D., his physical therapists, and the state agency physicians. Commissioner's Brief, p. 3. He also asserts that even Dr. Herndon noted that Plaintiff had a normal gait and normal range of motion in his arms and legs. Id. Finally, the Commissioner notes that Dr. Herndon's opinion regarding Plaintiff's ability to work is on a subject reserved to the Commissioner and thus is not controlling. Commissioner's Brief, p. 3-4. The undersigned agrees.

In deciding how much weight to give the opinion of a treating physician, an administrative law judge must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An administrative law judge must give the opinion of a treating physician controlling weight

if it is both (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) "consistent with other substantial evidence in the record." <u>Id.</u> (internal quotation marks omitted).  Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416. 927." <u>Id.</u> (internal quotation marks omitted).  After considering the requisite factors, the administrative law judge must "give good reasons" for the weight she ultimately assigns the opinion.  20 C.F.R. § 404.1527(d)(2).[2]  "Finally, if the [administrative law judge] rejects the opinion completely, he must then give specific, legitimate reasons for doing so." <u>Watkins</u>, 350 F.3d at 1301 (internal quotation marks omitted).  The Tenth Circuit Court of Appeals has made it clear that an administrative law judge's failure to delineate her findings regarding the weight given to medical opinions from treating sources is grounds for remand because, without these findings, the decision cannot be properly reviewed. <u>See</u> <u>Watkins v. Barnhart</u>, 350 F.3d 1297, 1300 (10th Cir 2003); <u>Langley v. Barnhart</u>, 373 F.3d 1116, 1123 (10th Cir. 2004) (because the administrative law judge failed to explain or identify claimed inconsistencies, reasons for rejecting that opinion are not "sufficiently specific" to enable meaningful review).

However, not all opinions of treating physicians are medical opinions, which are defined as "judgments about the nature and severity of [a claimant's] impairment(s),

---

[2]Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the administrative law judge's attention which tend to support or contradict the opinion.

6

including ... symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [his] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). Opinions on whether a claimant is disabled are not medical opinions, but rather opinions on issues reserved to the Commissioner. 20 C.F.R. § 404.1527(e)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."). Treating source opinions on issues reserved to the Commissioner are not entitled to controlling weight or special significance. 20 C.F.R. § 416.927(e)(3); Social Security Ruling, 96-5p, 1996 WL 374183 at *2 (July 2, 1996).

In reviewing the decision of the administrative law judge, it is obvious that it does not contain any explicit findings regarding whether the opinion of Dr. Herndon should be given controlling weight, and if not, what weight should be assigned to his opinion. However, the administrative law judge does specifically discuss the opinions and findings of Dr. Herndon, as well as the records of treating physicians Jimmy Conway, M.D., and Thomas J. Eiser, M.D. (although not by name) who performed his spinal fusion following a car accident in March 2002, who ordered a CT scan of his lumbar spine in December of 2002, and which according to the administrative law judge "revealed no significant CT abnormalities in the lumbar spine and no complications of the pedicle screw, band fusion, and the interbody device at the L5-S1 level." Tr. 16 (citing Tr. 350). She also discussed the findings of the state agency physicians who reviewed Plaintiff's medical file – specifically the opinion of Dr. Herndon that is at issue in this appeal – and those physicians found it not to be supported by the medical evidence. Tr. 16. She noted their statements in support of that finding, including Dr. Herndon's April 2003

examination of Plaintiff revealing "back pain but has a normal gait" and normal range of motion in both the right and left upper and lower extremities.  Tr. 16 (see Tr. 463, 483, 488).  Following this discussion, the administrative law judge noted the Plaintiff's own description of his physical abilities, including his ability to lift 50 pounds, to walk 3 or 4 blocks, and to sit for 30 to 45 minutes at a time.  Tr. 17.

In light of the administrative law judge's discussion, the Commissioner's position is persuasive.  First, although it appears from the record that the administrative law judge declined to give Dr. Herndon's opinion controlling weight, it is also clear that the administrative law judge did give Dr. Herndon's opinion some weight as reflected in his residual functional capacity (RFC) assessment, which was more limited than that issued by the medical consultants who reviewed Plaintiff's records. Compare Tr. 19 with Tr. 482-89. In particular, she further limited the amount of time Plaintiff could sit and stand in an eight hour period, added a sit/stand option, and added that he "would have pain and mild problems with concentration." Although the administrative law judge may not have adopted Dr. Herndon's statement that Plaintiff was completely unable to work, she obviously considered it as it is specifically referenced in the decision. Consideration of such opinions is all that is required as such opinions are not medical opinions, but are rather opinions on "issues reserved to the Commissioner ...." 20 C.F.R. § 404.1527 (e)(1). The undersigned finds that the administrative law judge's decision reflects specific, legitimate reasons why she failed to give Dr. Herndon's opinion controlling weight, and that her decision is adequate to explain the weight assigned to the opinion. Her finding regarding the ultimate weight assigned, though implicit, is supported by good, specific

reasons. Thus, her decision can be meaningfully reviewed on this point, and is supported by substantial evidence.

Plaintiff also contends that the administrative law judge should have re-contacted Dr. Herndon for "clarification." Plaintiff's Brief, p. 5. However, "it is not the rejection of the treating physician's opinion that triggers the duty to recontact the physician; rather it is the inadequacy of the 'evidence' the [administrative law judge] 'receive[s] from [the claimant's] treating physician' that triggers the duty." White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2001). There is no basis for concluding from the record in this case that the administrative law judge believed the information she received from Dr. Herndon was inadequate, and in fact she specifically stated that no further evidence was required. Tr. 15. Plaintiff's first claim of error should be denied.

### 2. Capacity to Perform Full-time Work

As his second claim of error, Plaintiff contends that the administrative law judge should have made a finding as to whether he is capable of performing work on a full-time basis, and that there is not substantial evidence in the record supporting his ability to do so. Plaintiff's Brief, pp. 5-7. In support of this claim, Plaintiff sets forth the general principles governing an administrative law judge's task of determining a claimant's residual functional capacity, concluding with the sweeping statement that "[t]he undisputed and overwhelming medical evidence indicates that [Plaintiff] has not retained the RFC to engage in [substantial gainful activity]." Plaintiff's Brief, p. 7.

The Commissioner responds that there is substantial evidence supporting an RFC for full-time work in that it was clear at the hearing that the hypothetical posed by the

administrative law judge to the vocational expert presupposed full-time work. Commissioner's Brief, p. 7-8.  He continues that the administrative law judge should be entitled to rely on counsel to structure and present the case in a way that adequately explores the claimant's assertions, and that counsel did not explore the issue of full-time work at the hearing.  Id. at 8.  Finally, the Commissioner argues that the two cases relied upon by Plaintiff in support of his claim that attention should have been paid to the issue of full-time work are distinguishable from this case.  Id. at 9.

The undersigned agrees with the Commissioner that there is substantial evidence supporting the administrative law judge's finding of an RFC for sustained work.  In assessing a claimant's RFC, the administrative law judge must consider the limiting effects of all impairments, even those that are not severe, and make specific findings.  See 20 C.F.R. § 404.1545(e); Winfrey v. Chater, 92 F.3d 1017, 1023-24 (10th Cir. 1996).  The administrative law judge must explain his or her findings to ensure meaningful review. The pertinent social security ruling provides:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e. g., daily activities, observations).  In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record.  The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

Social Security Ruling 96-8p, 1996 WL 374184, at *7 (July 2, 1996) (footnote omitted).

Here, the administrative law judge not only made specific findings regarding the RFC, she

referred to medical evidence as referenced by the agency physicians, and then adopted those limitations, albeit on a more limited basis.  Plaintiff's conclusory statements that he does not have the ability for sustained work, and that the administrative law judge failed in her duty to evaluate his impairments from this standpoint and support his RFC, are quite simply belied by the record.

The two authorities relied upon by Plaintiff also are clearly distinguishable.  In Sisco v. U.S. Dept. of Health and Human Services, 10 F.3d 739, 741, 743-45 (10th Cir. 1993) the decision of the administrative law judge was reversed because he failed to consider fatigue on the basis that there was no conclusive laboratory test for chronic fatigue syndrome.  In the other, the court found the administrative law judge's conclusion that the claimant could perform full-time work not to be supported by substantial evidence where although the claimant "managed to graduate from high school and attend college, her fatigue regularly caused her to fall asleep in class or to miss class completely."  Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996).  This claim of error should be denied.

### 3. Credibility Analysis

Finally, Plaintiff claims that the administrative law judge erred in her credibility assessment.  Plaintiff's Brief, pp. 7-8.  He states that she cited no evidence in support of her "assertion" and did not provide a sufficient analysis of his pain.  Id. at 7.  He further contends that the administrative law judge failed to discuss how the evidence related to the credibility factors she did discuss.  Id. at 8.

The Commissioner responds that the administrative law judge noted that Plaintiff's own testimony conflicted with the medical record, and with his own complaints. Commissioner's Brief, p. 10. Thus, he contends, the administrative law judge gave supported reasons for discounting Plaintiff's credibility, and her finding should stand. Id.

"When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities." Social Security Ruling 96-7p, 1996 WL 374186, at *1. Such credibility determinations are peculiarly the province of the finder of fact, and they will not be upset on appellate review when they are supported by substantial evidence. Diaz v. Secretary of Health and Human Services, 898 F.2d 774, 777 (10th Cir. 1990); Kepler v. Chater, 68 F.3d 387, 391 (10th Cir.1995) (same). Some of the factors that may be considered in assessing a claimant's credibility as to his subjective complaints include (1) his daily activities; (2) the location, duration, frequency, and intensity of his symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication he receives or has received for relief of symptoms; (5) treatment, other than medication, the claimant has received for relief of symptoms; and (6) any measures other than treatment the individual uses or has used to relieve symptoms. Kepler, 68 F.3d at 391; Social Security Ruling 96-7p, 1996 WL 374186, * 3; 20 C.F.R. §§ 404.1529(c)(3); Luna v. Bowen, 834 F.2d 161, 164-66 (10th Cir. 1987).

In assessing a claimant's credibility, an administrative law judge must state the evidence upon which she relies. Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). She is not, however, required to undertake a factor-by-factor analysis and discuss every piece of evidence in the record. Id.

Here, the administrative law judge acknowledged the governing standard and then noted the following: that Plaintiff uses a TENS unit when the pain is severe, which is not often, that he has been released by his treating physician with very little restriction, that he can lift his 50-pound daughter on an occasional basis, stand and walk 3-4 blocks, can sit 30-45 minutes without having to get up and move around, has not had to go to the hospital or emergency room since 2004, has not had asthma attacks since 1987, and that his hypertension and diabetes are controlled with medication. Tr. 18. As noted earlier, the administrative law judge also referenced the agency physician's statement regarding Plaintiff's normal gait and normal range of motion in his right upper and lower extremities as noted by his own treating physician. Tr. 16. Although the administrative law judge did not apply or consider every Kepler factor, such is not required as she did link the factors she did apply to the evidence of record. Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000) ("Kepler does not require a formalistic factor-by-factor recitation of the evidence. So long as the [administrative law judge] sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of Kepler are satisfied"). The record is clear that Plaintiff does suffer pain from his back injury, but as noted, such credibility determinations are for the finder of fact and not this Court. The administrative law judge found that while Plaintiff does have pain, the pain is not

disabling.   Accordingly, the undersigned finds Plaintiff's third claim of error to be without merit.

## <u>RECOMMENDATION</u>

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge and the pleadings and briefs of the parties, the undersigned Magistrate Judge finds that the final decision of the Commissioner of Social Security Administration is supported by substantial evidence and thus should be affirmed.   The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by April 17, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 28th day of March, 2007.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE